IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KAY SWEENEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. <u>04-2561 P</u> |
| | ) | |
| RIVER WAFFLES, LLC, and | ) | |
| MARKETPLACE INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Kay Sweeney's Motion to Amend Complaint, filed on March 30, 2005 (dkt # 26). Defendant River Waffles, LLC filed its response on April 4. The Court held a hearing on the motion on April 15, and counsel for both parties were present. For the following reasons, the motion is GRANTED.

Sweeney filed this lawsuit on July 22, 2004, alleging River Waffles, LLC, as the owner of two Waffle House restaurants, violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, <u>et seq</u>. She filed the present motion to amend complaint to add two entities: Marketplace Investments, LLC, the owner of land and fixtures leased by River Waffles, and Marketplace Holdings, Inc., the owner of River Waffles. At the motion hearing, the Court granted the motion as to Marketplace Investments under

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on <u>6-21-05</u>



Rule 15. It also requested the parties to provide supplemental briefs on the issue of whether it would be proper to add Marketplace Holdings as a party. Sweeney filed a supplemental brief on April 25, and River Waffles filed its reply on May 4.

After a responsive pleading has been filed to a complaint, Rule 15(a) provides that a party may file an amended complaint "only by leave of the court or by written consent of the adverse party," but such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)(quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)), and therefore assumes "a liberal policy of permitting amendments." Ellison v. Ford Motor Co., 847 F.2d 297, 300 (6th Cir. 1988).

A court may deny a motion for leave to amend the complaint if the amendment would be futile. Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)(citing Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 382-83 (6th Cir. 1993)). Nevertheless, the record before the Court is insufficient to overcome this liberal policy. Moreover, case law

suggests that parent companies may be sued with their subsidiaries under the ADA. See Molski v. Gleich, 318 F.3d 937, 942 n.1 (9th Cir. 2003); United States v. AMC Entm't, Inc., 245 F.Supp.2d 1094, 1095 (C.D. Cal. 2003); Assoc. for Disbled Americans, Inc. v. Concorde Gaming Corp., 158 F.Supp.2d 1353, 1364 (S.D. Fla. 2001). Therefore, the Court shall permit Sweeney to add Marketplace Holdings, Inc. as a defendant. This order does not preclude Marketplace Holdings from filing motions to dismiss, if appropriate, after it has been joined in this case.

Accordingly, Sweeney's Motion to Amend Complaint is GRANTED. IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

June 20, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 2:04-CV-02561 was distributed by fax, mail, or direct printing on June 21, 2005 to the parties listed.

---

Joe E. Manuel
147 N. Market St.
Ste C
Chattanooga, TN 37405

J. Page Garrett
J. PAGE GARRETT
5133 Harding Rd.
Ste. 112
Nashville, TN 37205

Honorable Tu Pham
US DISTRICT COURT