IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KAY SWEENEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2561 P |
| | ) | |
| RIVER WAFFLES, LLC, | ) | |
| MARKETPLACE INVESTMENTS, LLC, | ) | |
| AND MARKETPLACE HOLDINGS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | | |

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO REQUEST FOR ADMISSIONS

### I. INTRODUCTION

Before the court is defendants River Waffles, LLC and Marketplace Investments, LLC's Motion to Compel Responses to Request for Admissions, filed July 5, 2005 (dkt #49). In the motion, defendants ask that the court order the plaintiff to respond to six requests for admissions that relate to an incident that occurred on May 16, 2005. Apparently, on that date plaintiff's expert was present at defendants' Sycamore View restaurant when a man in a wheelchair entered the restaurant and was served by restaurant employees. Generally, the requests ask the plaintiff to admit that plaintiff's expert was in fact present,

that he saw the customer in the wheelchair enter the restaurant and receive service without assistance. On July 29, 2005, the plaintiff filed her response in opposition, stating that defendants' own witnesses were present and can provide the same information, and moreover, the plaintiff would have to pay her expert $150 per hour to respond to these requests.

## II. ANALYSIS

Admissions sought under Rule 36 are time-saving devices, designed to narrow the particular issues for trial. Honeycutt v. First Federal Bank, No. 02-2710, 2003 WL 1054235, at *1 (W.D. Tenn. 2003) (unpublished) (citing Fed. R. Civ. P. 36, Adv. Comm. Notes). A request for admission "should be confined to facts that are not in material dispute." Honeycutt, 2003 WL 1054235, at *1 (quoting United States v. Watchmakers of Switzerland Info. Cent., Inc., 25 F.R.D. 197, 201 (S.D.N.Y. 1959)).

Generally, the statements posed by the party seeking their admission should be "capable of an answer by a yes or no." Honeycutt, 2003 WL 1054235, at *1 (quoting Johnstone v. Cronlund, 25 F.R.D. 42, 45 (D. Pa. 1960)). Statements that are vague, or statements susceptible of more than one interpretation, defeat the goals of Rule 36 and are properly objectionable. Id. at *1.

Any party objecting to requests for admission may file a motion for a protective order. See Rule 26(c), Fed. R. Civ. P. The rule states that:

> Upon motion by a party or by the person from whom discovery is sought . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c) (emphasis added). In the case of RFAs, such a motion may be proper when requests to admit are:

> so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome.

Fed. R. Civ. P. 36, Adv. Comm. Notes (emphasis added). Rule 36 does not require the answering party to track down every fact and detail under the sun. Rather, the party is required to make a "reasonable inquiry":

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made *reasonable inquiry* and that the information known or *readily obtainable by the party* is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a) (emphasis added). When a litigant objects to requests for admission or interrogatories propounded upon him by opposing counsel and files a motion for a protective order, the court has discretion to either deny or grant the motion. See Misco v. U.S. Steel Corp., 784 F.2d 198, 206 (6th Cir. 1986) ("a district court has broad discretion in regulating discovery"); United States v. 266 Tonawanda Trail, 95 F.3d 422, 426 (6th Cir 1996).

The court finds that these six requests for admissions are proper under Rule 36. Although it may be true that defendants' own witnesses are capable of providing the exact same information, if

-3-

the plaintiff admits these requests, the issues for trial will be narrowed. Moreover, while cost and expense is a factor the court may consider in determining whether the burden of responding to the requests outweigh the potential benefit, the court concludes that the expert expenses in this case are not so excessive so as to relieve the plaintiff from responding to otherwise proper requests under the federal rules.

### III.  CONCLUSION

For these reasons, the motion is GRANTED.  Plaintiff shall respond to these six requests for admissions within eleven (11) days from the date of this order.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

August 12, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 2:04-CV-02561 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

---

J. Page Garrett
J. PAGE GARRETT
5133 Harding Rd.
Ste. 112
Nashville, TN 37205

Joe E. Manuel
LAW OFFICE OF JOE MANUEL
147 N. Market St.
Ste. C
Chattanooga, TN 37405

Honorable Tu Pham
US DISTRICT COURT