IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 OCT 21 PM 2:46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| KAY SWEENEY,<br><br>      Plaintiff,<br><br>vs.<br><br>RIVER WAFFLES, LLC,<br>MARKETPLACE INVESTMENTS, LLC,<br>and MARKETPLACE HOLDINGS, INC.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. <u>04-2561 P</u><br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the court is a Motion for Partial Summary Judgment, filed on September 6, 2005 (dkt #60) by Defendants River Waffles, LLC, Marketplace Investments, LLC and Marketplace Holdings, Inc. Plaintiff Kay Sweeney filed her response in opposition on September 26. Defendants filed a reply on October 11. For the following reasons, the motion is GRANTED in part, and DENIED in part.

### I. BACKGROUND

Sweeney filed this lawsuit on September 22, 2004, alleging that she had visited two Waffle House restaurant locations in Memphis and had been denied full and safe access to their benefits, accommodations and services in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 <u>et seq</u>. Pertinent to

the present motion, Sweeney claims that the Waffle House restaurant located at 1550 Sycamore View Road ("the Sycamore View restaurant") violates the ADA in that (1) "the entranceway does not have enough room for wheelchair users to negotiate" (Complaint at ¶ 14(f)) and (2) "there is no seating for wheelchair users" (Complaint at ¶ 14(g)).

To assess the restaurant's compliance with the ADA, Sweeney hired an architect, Harold Thompson, as her expert. In his initial expert report, dated July 19, 2005, Thompson concluded that the restaurant is in compliance with ADA standards with respect to both the entranceway and wheelchair seating. Subsequently, Thompson informed Sweeney that, in assessing the restaurant's compliance with ADA standards for wheelchair seating, he had applied an incorrect technical standard concerning the depth of knee space required by the ADA. On September 13, Thompson issued a revised version of his expert report in which he concludes that the restaurant's "low counter is intended to serve as seating for the wheelchair bound patron, but does not have the required knee clearance of 19 inches." (Thompson Rep., Version 2.0, at 5).

On September 6, one week before Thompson issued his revised report, Defendants filed the present motion, in which they ask the court to grant summary judgment with respect to the two aforementioned claims. Defendants argue that, because Thompson's initial report concluded that the Sycamore View restaurant was in

-2-

compliance with ADA standards with respect to both the entranceway and wheelchair seating, there is no genuine issue of material fact as to either of these claims. Sweeney does not oppose Defendants' motion with respect to her entranceway claim, but contends that Thompson's revised report creates a genuine dispute as to the restaurant's compliance with ADA standards concerning wheelchair seating.

In their reply, Defendants acknowledge that Thompson's revised report creates a "legitimate factual dispute with regard to the 'knee depth' or 'knee clearance' of the 'low counter'" at the restaurant. (Def. Reply at 4). Nonetheless, Defendants contend that because Thompson's report concludes that the only aspect of wheelchair seating at the Sycamore View restaurant found non-compliant is the knee clearance, Defendants' motion should be granted in all other respects regarding Sweeney's allegation that there is "no seating for wheelchair users" available at the restaurant.

## II. ANALYSIS

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the evidence offered shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. Lyon v. Southern Gas Co.

(In re Wright Enters.), 77 Fed. Appx. 356, 364 (6th Cir. 2003). This burden may be discharged by "pointing out to the [] court . . . that there is an absence of evidence to support the nonmoving party's case." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). A court ruling on a party's motion for summary judgment must view the facts in the light most favorable to the party opposing the motion. In re Wright Enters., 77 Fed. Appx. at 364.

### A. Claim 1: Entranceway

Thompson's report concludes that there are "no deficiencies" in the restaurant's entranceway and that it is compliant with ADA standards. (Thompson Rep., Version 2.0, at 5). Sweeney has not offered any other evidence supporting her claim that "the entranceway does not have enough room for wheelchair users to negotiate." Furthermore, she does not oppose Defendants' motion for summary judgment with respect to this claim. Defendants' motion with respect to this particular claim is therefore GRANTED.

### B. Claim 2: Wheelchair Seating

In support of her claim that "there is no seating for wheelchair users" at the restaurant, Sweeney has offered Thompson's revised expert report, which declares that the restaurant has a "low counter . . . intended to serve as seating for the wheelchair bound patron." (Thompson Rep., Version 2.0, at 5). The designed wheelchair seating counter, however, "does not have the required

-4-

knee clearance of 19 inches." Id. Thompson's report, therefore, creates a genuine issue of material fact as to the restaurant's compliance with ADA standards concerning knee clearance for wheelchair seating. Defendants acknowledge as much in their reply, as they note that "there may now be a legitimate factual dispute with regard to the 'knee depth' . . . of the 'low counter' at the . . . restaurant." (Def. Reply at 4). Defendants' motion with respect to this particular claim as it pertains to the Sycamore View restaurant's compliance with ADA standards concerning knee clearance is therefore DENIED.

Nevertheless, Thompson's report recognizes that the restaurant does in fact provide wheelchair seating, and Sweeney has offered no evidence that the Sycamore View restaurant's wheelchair seating is non-compliant in any respect other than its insufficient knee clearance. Thus, Defendants' motion with respect to this particular claim as it pertains to all other aspects of the Sycamore View restaurant's availability of wheelchair seating is GRANTED.

### III. CONCLUSION

For the reasons above, Defendants' Motion for Partial Summary Judgment is GRANTED with respect to Sweeney's entranceway claim, and DENIED with respect to Sweeney's wheelchair seating claim as it pertains to the Sycamore View restaurant's compliance with ADA standards concerning knee clearance. Defendants' motion with

respect to this particular claim as it pertains to all other aspects of Sweeney's wheelchair seating claim is GRANTED.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

October 21, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 2:04-CV-02561 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Joe E. Manuel
LAW OFFICE OF JOE MANUEL
147 N. Market St.
Ste. C
Chattanooga, TN 37405

J. Page Garrett
J. PAGE GARRETT
5133 Harding Rd.
Ste. 112
Nashville, TN 37205

Honorable Tu Pham
US DISTRICT COURT